SO ORDERED.

SIGNED this 5 day of August, 2014.

_Stephani W. Humrickhouse_
Stephani W. Humrickhouse
United States Bankruptcy Judge

___

United States Bankruptcy Court
Eastern District of North Carolina
Wilmington Division

In re:

                                      Case No. 13-07188-8-SWH

THOMAS JOHN CALDWELL
MARY CATHERINE CALDWELL,
        DEBTORS.

**Order Determining the Value
of Security Pursuant to Bankruptcy
Rule 3012 and Avoiding Mortgage Lien
Pursuant to 11 U.S.C. § 506(a)**

      This matter, coming before the undersigned Bankruptcy Court Judge upon the Debtors' Motion Pursuant to 11 U.S.C. §506(a) and Bankruptcy Rule 3012 to Determine the Value of Security and Creditor's Allowed Secured Claim, filed by the above referenced Debtors through counsel, and it appearing that the Motion and Notice thereof was served on all parties in interest and that there has been no response within the time allowed, the Court finds as follows;

      1.    The Debtors filed a voluntary petition under chapter 13 of the Bankruptcy Code on November 18, 2013.

      2.    The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(K). This is a core proceeding.

      3.    At the time the Debtors filed the instant bankruptcy petition the Debtors' interest in the real estate located at 936 Royal Tern Drive, Hampstead, North Carolina, was valued at $250,000.00, according to an appraisal performed by James T. McLamb of McLamb and Associates, on or about October 22, 2013. The real estate is more particularly described as follows:

**Being all of Lot 73R1 of Section 1 of Pelican Reef, according to a map entitled "Recombination Plat of Pelican Reef Lot 73R1 Section 1" recorded in Map Book 34 at Page 100 of the Pender County Registry.**

4. The Debtors' interest in the real estate is subject to a 1st lien in favor of Pender County Tax Collector arising out of 2013 Ad Valorem Tax in the amount of $2,006.00. The balance of the claim as of the date of the filing of the bankruptcy was $2,019.57 as set out in claim number 2-1.

5. The Debtors' interest in the real estate is subject to a 1st mortgage lien arising out of a deed of trust recorded on October 21, 2010, in Book 3838 at Page 0244, in the Pender County Registry, in favor of Bank of America, N.A., which was subsequently assigned to Nationstar Mortgage, LLC, in the original amount of $278,800.00; The balance on the loan at the time of the filing of the bankruptcy was $265,511.35 as set out in claim number 8-1.

6. The Debtors' interest in the real estate is subject to a 2nd mortgage lien arising out of a deed of trust recorded on February 25, 2005, in Book 2593 at Page 078, in the Pender County Registry, in favor of Bank of America, in the original amount of $31,300.00. The Deed of Trust was modified by Agreement Dated September 9, 2005. Said Agreements modified the credit limit line to $80,000.00 and subsequently modified again on October 6, 2006, for a credit limit of $150,000.00. The balance on the loan at the time of the filing of the bankruptcy was approximately $150,932.22 as set out in claim number 6-1.

7. As evidenced by a Subordination Agreement recorded on October 21, 2005, in Book 3838 at Page 0266, in the Pender County Registry, the mortgage lien securing the $150,932.22 claim of Bank of America is junior to the 1st mortgage lien in favor of Nationstar Mortgage, LLC, which 1st mortgage lien exceeds the value of the real property.

8. The value of Bank of America's 2nd mortgage interest in the real estate is $0.00.

9. Pursuant to 11 U.S.C. § 506(a), Bank of America's 2nd mortgage claim is wholly unsecured and is allowable only as a general unsecured claim.

10. Debtors' attorney requests compensation in the amount of $450.00 to be paid by the trustee through the chapter 13 plan.

THEREFORE IT IS ORDERED

1. That Bank of America's claim in the 2nd lien position is wholly unsecured pursuant to 11 U.S.C. 506 (a), and the claim is allowed as an unsecured claim only.

2. The deed of trust recorded in Book 2593 Page 078 in the Pender County Register of Deeds in favor of Bank of America, in the original amount of $31,300.00 is null and void.

3. Attorney fees of $450.00 are approved in connection with the filing of this motion, to be paid by the trustee through the Chapter 13 plan. The trustee is hereby allowed to modify or extend the plan as necessary in order to accommodate this claim.

End of Document