**SO ORDERED.**

**SIGNED this 22 day of January, 2015.**

_____
**Stephani W. Humrickhouse
United States Bankruptcy Judge**

---

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF NORTH CAROLINA
### WILMINGTON DIVISION

IN RE:                                                                    CASE NO: 13-07188-8-SWH

THOMAS JOHN CALDWELL
MARY CATHERINE CALDWELL,

DEBTORS.

### CONSENT ORDER ALLOWING OBJECTION TO CLAIM

THIS MATTER, coming before the Court on undersigned Bankruptcy Court Judge regarding the Objection to Proof of Claim filed by the Debtors on or about June 19, 2014, and it appearing that the parties have consented to the entry of the following, the Court finds as follows:

1. Debtors filed a Chapter 13 Bankruptcy on November 18, 2013.

2. Debtors' are the owner of real property having an address of 936 Royal Tern Drive, Hampstead, North Carolina 28443, which real property is collateral for a secured loan in favor of Nationstar Mortgage LLC, said secured claim being in the amount of $265,511.35 as of the date of the petition.

3. At the time of filing, Debtors were making their monthly mortgage payments to Nationstar, without escrowing taxes and insurance, and were current in their monthly mortgage payments.

4. Debtors' chapter 13 plan proposed to pay 2013 ad valorem taxes to Pender County in the amount of $2006.00 through the plan.

5. Pender County Tax Office filed a proof of claim in the amount of $2019.57 Claim 2-1.

6. Amounts were paid to Pender County by the chapter 13 Trustee's office towards satisfaction of Pender County's ad valorem tax claim.

7. Despite the fact that the 2013 ad valorem taxes were being paid through the plan, Nationstar paid the sum of $1620.31 to Pender County Tax Office, paying in full the 2013 ad valorem taxes, created an escrow account for debtors' mortgage account and increased debtors' mortgage payment in order to pay taxes and insurance as escrow items, which increase in the mortgage payment amount is reflected in the proof of claim filed by Nationstar in debtors' case.

8. Debtors' filed their objection to Nationstar's proof of claim to dispute the establishment of an escrow account and the increased monthly mortgage payment.

9. Nationstar has agreed to dissolve the escrow account and allow debtors' to continue to pay taxes and insurance directly.

10. Debtors have agreed to allow a claim in favor of Nationstar in the amount of $1620.31, to be paid through the plan in full as if a prepetition arrears claim, as reimbursement of amounts paid by Nationstar directly to Pender County Ad Valorem.

**THEREFORE, IT IS ORDERED**

1. Debtors' objection to the proof of claim of Nationstar Mortgage, to the extent it establishes an escrow account and increases debtors' mortgage payment to pay ad valorem taxes and insurance as an escrow item, is hereby allowed;

2. Except to the extent that the establishment of an escrow account and an increase in the mortgage payment is disallowed, Nationstar's proof of claim is allowed; Nationstar is hereby allowed a secured claim in the amount of $265, 511.35 as of November 18, 2013, which claim shall be paid direct by debtors.

3. That Nationstar is allowed an additional claim in the amount of $1620.31, to be paid in full as if the same were pre-petition arrears, through the debtors' chapter 13 plan, as reimbursement for amounts paid to Pender County Tax Office by Nationstar.

We consent:

/s/ Anthony L. Register
Attorney for debtors

/s/Matthew Z. Phelan
Attorney for Nationstar Mortgage LLC

/s/Richard M. Stearns
Chapter 13 Trustee

End of Document